## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| LEVANT WALKER, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) | Case No.  10-cv-1070 |
| WARDEN PEIRCE, | ) ) ) | |
| Respondent. | ) ) | |

## O P I N I O N  &  O R D E R

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1), his Application to Proceed in forma pauperis (Doc. 2), and his Motion for Appointment of Counsel (Doc. 3), all received by the Court on March 22, 2010.  For the following reasons, Respondent will be ordered to respond to the Petition, and the Application to Proceed in forma pauperis and Motion for Appointment of Counsel are denied.

### PETITION FOR HABEAS CORPUS RELIEF

In 2007, Petitioner was convicted and sentenced in Cook County, Illinois to three years' imprisonment on two counts of burglary, to which he pled guilty.  In his Petition, he asserts that, on January 17, 2007, he was sentenced to three years, but was released on parole on January 17, 2008.  He violated his parole and was placed back in prison on March 29, 2008.  Petitioner asserts that he was scheduled to be released on February 20, 2009, but "caught some IDR (tickets) and max [his] parole out."  He asserts that he was to be released on January 17, 2010, or, at the latest,

March 20, 2010, and is still incarcerated.  Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the District Courts, the Court has examined the Petition and cannot determine on the basis of it that Petitioner's claims have no merit.  Therefore, the Petition will be served upon Respondent, and Respondent will be ordered to submit an answer, motion, or other responsive pleading.

### APPLICATION TO PROCEED IN FORMA PAUPERIS

Petitioner submitted an Application to Proceed in forma pauperis concurrently with his original § 2254 Petition.  (Doc. 2).  Under 28 U.S.C. § 1915, the Court may authorize a prisoner to proceed with a lawsuit without prepayment of fees.  In addition to the affidavit that Petitioner completed, prisoners seeking to proceed in forma pauperis "shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C. § 1915(a)(2).  Petitioner has submitted no such copy of his trust fund account statement, and so his Application to Proceed in forma pauperis must be denied. Petitioner may renew his Application to Proceed in forma pauperis within twenty-eight days of this Order by submitting a certified copy of his trust fund account statement for the six-month period immediately preceding the filing of his Petition.

### MOTION FOR APPOINTMENT OF COUNSEL

Civil litigants are not entitled to a court appointed attorney.  *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006).  However, the Court may request an

attorney to represent an indigent litigant. 28 U.S.C. §1915(e)(1). Prior to such a request, the litigant must show that he has made a reasonable attempt to acquire counsel without Court intervention. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). After a litigant has made such an attempt, the Court considers whether, "given the difficulty of the case," he appears able to litigate it himself, and, if not, whether appointed counsel would be "reasonably likely to alter the outcome." *Id.* at 655-56, 660.

Petitioner has not made the threshold attempt of securing counsel without Court intervention, and therefore will not be appointed an attorney. (Doc. 3 at 1). Moreover, there is no indication that Petitioner is unable to litigate his claim himself, as it appears to be a relatively straightforward one, and as he has shown his ability to adequately state the facts underlying it.

In addition to appointment of counsel under 28 U.S.C. §1915, the Court may appoint counsel in a 28 U.S.C. § 2254 case if discovery is required, and must appoint counsel if an evidentiary hearing is set. *See* Rules Governing Section 2254 Cases in the United States District Courts 6 and 8. Counsel may also be appointed if "the court determines that the interest of justice so require." 18 U.S.C. § 3006A. None of these are applicable at this point in time; the Court will revisit the issue of appointment of counsel under these provisions if it later becomes necessary.

IT IS THEREFORE ORDERED:

1. The Clerk SHALL serve a copy of the Petition (Doc. 1) upon Respondent.

2. Respondent SHALL file an answer, motion, or other responsive pleading within sixty days after service of the Petition. Respondent should address any facts which would establish whether Petitioner's claims are untimely or procedurally barred. In addition, Respondent should address the merits of Petitioner's constitutional claims and otherwise fully comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

3. Petitioner MAY file a reply to Respondent's responsive pleading within thirty days of being served with Respondent's responsive pleading.

4. Petitioner SHALL serve upon Respondent a copy of every further pleading or other document submitted for consideration by the Court.

5. Petitioner's Application to Proceed in forma pauperis (Doc. 2) is DENIED.

6. Petitioner MAY renew his Application to Proceed in forma pauperis within twenty-eight days of the date of this Order by submitting to the Court a certified copy of his trust fund account statement for the six-month period immediately preceding the filing of his Petition. If Petitioner does not choose to renew his Application to Proceed in forma pauperis, he MUST pay the $5.00 filing fee within twenty-eight days of the date of this Order, or his Petition will be dismissed.

7. Petitioner's Motion for Appointment of Counsel (Doc. 3) is DENIED.

Entered this <u>6th</u> day of April, 2010.

                                                          s/ Joe B. McDade
                                                          JOE BILLY McDADE
                                     United States Senior District Judge